**Russell R. DECKER, Petitioner,**

v.

**BROWNING–FERRIS INDUSTRIES OF COLORADO, INC., Respondent.**

**No. 96SC303.**

Supreme Court of Colorado,
En Banc.

Oct. 27, 1997.

Rehearing Denied Dec. 8, 1997.

938

Bridgers & Kazmierski, L.L.C., Stefan Kazmierski, Englewood, for Petitioner.

McNamara Law Firm, P.C., John N. McNamara, Jr., James D. Kilroy, Denver, Baker & Hostetler, L.L.P., James A. Clark, Kathryn A. Elzi, Denver, for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

In *Russell Decker v. Browning–Ferris Industries of Colorado, Inc.*, No. 94CA1827, slip op. at 1–2 (Colo.App. Mar. 14, 1996) (not selected for official publication), the court of appeals determined, relying on the related case of *Thomas Decker v. Browning–Ferris Industries of Colorado, Inc.*, 903 P.2d 1150 (Colo.App.1995), that no tort cause of action exists in Colorado for the breach of an express covenant of good faith and fair dealing in the employment context. The court of appeals vacated the economic, noneconomic, and exemplary damage awards and remanded the case to the trial court for a new trial on the issue of damages.

We granted certiorari to determine whether the court of appeals erred in reversing the trial court's finding that the facts of the present case gave rise to a claim in tort for breach of the express covenant of good faith and fair dealing.[1] However, we held briefing in abeyance pending the disposition of the consolidated case of *Thomas H. Decker v. Browning–Ferris Industries of Colorado* and *Castillo v. Browning–Ferris Industries of Colorado*, 931 P.2d 436 (Colo.1997)(*Thomas Decker*) (declining to recognize a tort claim for a breach of a covenant of good faith and fair dealing in employment context).

Our decision in *Thomas Decker* is dispositive of this case as well. We now affirm in part, reverse in part, and remand to the court of appeals with instructions to vacate the exemplary damages award and reinstate the economic and noneconomic damage awards.

I.

In 1985, Tony Vagneur, a district manager at Browning–Ferris Industries of Colorado (BFI), hired Russell R. Decker to perform trash removal duties in BFI's Aspen district. BFI subsequently promoted Decker to the position of "route supervisor," which he held for approximately six years.

In January 1991, BFI assigned Jerry VanderVelde to the Aspen district to replace Vagneur. In April 1991, VanderVelde terminated several workers, including Decker, for allegedly falsifying their time cards.[2] In response, Decker sued BFI, claiming that BFI failed to follow its progressive disciplinary policy, breached an express covenant of good faith and fair dealing, and wrongfully discharged Decker in retaliation for filing a workers' compensation claim.[3]

Using special verdict forms, the jury determined that BFI had a progressive disciplin-

---

1. In *Thomas Decker,* we granted certiorari to review two issues:
   1. Whether the court of appeals erred in reversing the trial court's finding that the facts of the present case gave rise to a claim in tort for breach of the express covenant of good faith and fair dealing.
   2. Whether the court of appeals erred in remanding this matter to the trial court for a

   new trial on damages after affirming the jury verdict of liability against BFI.

2. VanderVelde asserted that Decker and his work partner improperly "punched in" each others' time cards when the other was not present.

3. The retaliatory claim is not at issue here.

ary policy, that it breached its policy, and that it breached the express covenant of good faith and fair dealing. Although the jury did not award any damages to Decker for the breach of the progressive disciplinary policy, it did award $115,000.00 in economic damages and another $5,000.00 in noneconomic damages for the breach of the covenant of good faith and fair dealing. The jury also found beyond a reasonable doubt that BFI acted in a willful and wanton manner and thus awarded Decker exemplary damages.[4]

## II.

*Thomas Decker* controls the disposition of this case because of the substantial similarities in facts, claims, jury instructions, and verdicts.[5] In *Thomas Decker,* BFI terminated Thomas Decker and Jose Castillo for allegedly working too slowly. *See Thomas Decker,* 931 P.2d at 438. Decker and Castillo each filed a separate wrongful termination claim against BFI alleging that he was terminated in violation of a progressive disciplinary policy and that BFI breached an express covenant of good faith and fair dealing. *Id.* at 438–39. In each action, the jury returned a verdict in favor of the plaintiff and awarded economic, noneconomic, and exemplary damages. *Id.* at 439. BFI appealed both cases. The court of appeals reversed both cases, holding that no tort claim for a breach of an express covenant of good faith and fair dealing existed in the employment context, and

remanded for a new trial on damages. *Id.* at 440.

We granted certiorari and consolidated both cases for appeal. We declined to recognize the existence in Colorado of a tort claim for a breach of an express covenant of good faith and fair dealing in the employment context, and we determined that an express covenant of good faith and fair dealing modified the employment contract. *Id.* at 446. We held that claims of a breach of the express covenant "sound in contract, not in tort," vacated the exemplary damages, and permitted the economic and noneconomic damages to stand. *Id.* at 441–48.[6]

In *Thomas Decker,* the plaintiffs alleged that their discharges violated an express covenant of fair treatment, as well as the terms of a progressive discipline policy. Those contentions formed the factual basis for breach of contract actions. The juries ultimately concluded that the promises had been breached and awarded damages.

■ Although we recognize that the terms and conditions of an employment contract may be modified, neither in *Thomas Decker* nor here do we abrogate Colorado's at-will employment doctrine. In Colorado, employment is generally at-will and an employer may terminate an employee "without cause and without notice." See *Crawford Rehabilitation Services v. Weissman,* 938 P.2d 540 at 546 (Colo.1997).[7]

---

4. The trial court reduced the exemplary damages award from $380,000.00 to $120,000.00.

5. This case and the two consolidated cases in *Thomas Decker,* which were tried by the same attorneys before the same district court judge, involved allegations of wrongful discharge in violation of a progressive disciplinary policy and breach of an express covenant of good faith and fair dealing. The judge limited the juries' calculations of economic damages to "back pay, loss of future pay and loss of benefits" in all three actions. The juries received substantially similar instructions on the breach of covenant of good faith and fair dealing claim and determined that "BFI's breach of the covenant of good faith and fair dealing was attended by circumstances of willful and wanton conduct."

6. We permitted noneconomic damages for "inconvenience and emotional stress" to stand be-

cause the jury found that the breach was accompanied by willful and wanton conduct. See *Thomas Decker,* 931 P.2d at 448 ("Damages for 'mental suffering' are recoverable on a breach of contract claim when the breach is accompanied by willful and wanton conduct and when the damages are a natural and proximate consequence of such conduct.") (citing *Trimble v. City and County of Denver,* 697 P.2d 716, 731 (Colo. 1985)).

7. Modifications of at-will employment have been described as implied-in-law and implied-in-fact. "An implied-in-law term arises from a duty imposed by law where the contract itself is silent.... An implied-in-fact contract term, on the other hand, is one that is inferred from the statements or conduct of the parties." *Wagenseller v. Scottsdale Mem'l Hosp.,* 147 Ariz. 370, 381, 710 P.2d 1025, 1036 (1985). The modification we recognize here and in *Thomas Decker* could be characterized as implied-in-fact.

■ Here, BFI now asks us to overrule *Thomas Decker*. We decline to do so. In the alternative, BFI asserts that our decision in *Thomas Decker* is inapposite because the *Thomas Decker* special verdict forms and the jury instructions differ from those used in the present case. Specifically, BFI contends that the damage sections of the special verdict forms used in *Thomas Decker* did not require the jury to distinguish between the progressive disciplinary damages and the covenant of good faith and fair dealing damages—whereas here, the special verdict form required the jury to reach separate damage determinations with respect to each of Decker's claims for relief. BFI argues that the differences compel this court to disregard the *Thomas Decker* decision and refrain from utilizing the economic damages awarded under the "tort" rubric to support a contract damage claim.

In *Thomas Decker*, the language of the pleadings, instructions, and verdict forms established the claims as contract claims. The instructions related only to contract theories of recovery. The jury verdict forms did not require any distinction between the claims regarding whether damages for lost income, inconvenience, and emotional stress should be awarded. See *Thomas Decker*, 931 P.2d at 446. Damages for inconvenience and emotional stress were allowed if the jury found willful and wanton conduct.

The record here reveals that the pleadings, jury instructions, and verdict forms are identical in all but one respect to those in *Thomas Decker*. The jury in this case was provided with a verdict form permitting it to find a "breach of employment contract for BFI's failure to follow its progressive disciplinary policy," in addition to the verdict for breach of the covenant of good faith and fair dealing. The jury was also provided with an instruction that it was to award damages only once for the same injuries. In *Thomas Decker*, we were satisfied that the verdict for breach of the covenant of good faith and fair dealing was a finding of a breach of contract. We reach the same conclusion here.

Although the jury awarded all economic and noneconomic damages under the rubric designated for the breach of the covenant of good faith and fair dealing, the jury also specifically found that BFI failed to follow its progressive disciplinary policy. The jury did not award damages on the failure of BFI to follow its progressive disciplinary policy, but only on the breach of good faith and fair dealing. However, the jury was specifically instructed to award damages on only one claim of relief. The jury's specific recognition that there was a breach of a disciplinary policy coupled with the trial court's instruction limiting available damages indicates that, as in *Thomas Decker*, we cannot discern whether the awards for economic damages were based on the breach of disciplinary policy or the breach of the covenant of good faith and fair dealing. *Thomas Decker*, 931 P.2d at 447. The award for noneconomic damages for inconvenience and emotional stress were based on findings of willful and wanton conduct as they were in *Thomas Decker*. See *id.* at 447–48.

We recognized in *Thomas Decker* that "the claim for breach of the progressive disciplinary policy and the claim for breach of covenant of good faith and fair dealing were [both] pled, tried, and found by the jury to be breaches of an express contractual obligation." *Id.* at 447. We therefore affirmed the juries' awards of economic damages to Decker and Castillo because the juries' calculations of economic damages were limited to "back pay, loss of future pay and loss of benefits." *Id.*

■ Here, as in *Thomas Decker*, the claim for a breach of an express covenant of good faith and fair dealing was "pled, tried, and found" by the jury to be a breach of an express contractual obligation. *Id.* Here, as in *Thomas Decker*, we accept the finding of the jury of a breach of an express contractual obligation without addressing the elements of such a claim or the proof necessary to sustain the claim. These issues are not before us and were not before us in *Thomas Decker*. In addition, the jury's calculation of economic damages was limited to "back pay, loss of future pay and loss of benefits." *Id.* We conclude that the economic damage award is appropriate because it was "designed to put the wrongfully discharged employee in the same position he . . . would have been in had

the employer not breach[ed] the employment contract." *Id.* We also conclude that the noneconomic damages for inconvenience and emotional stress are appropriate because the jury found the breach of the covenant of good faith and fair dealing to be willful and wanton. See *Trimble,* 697 P.2d at 731.

█ We emphsize here, as we did in *Thomas Decker,* that

> the law of torts and the law of contracts reflect different policies and, therefore, recognize different remedies. The law of contracts does not seek to compel performance of a contract by punishing a breach, but rather to compensate the promise for losses sustained as a result of the breach. The law of torts is premised upon legal duties imposed by law. Breach of such legal duties can, in certain circumstances, justify the imposition of exemplary damages in order to punish the defendant and deter others from similar conduct in the future.

*Thomas Decker,* 931 P.2d at 446 (citing *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo.1987) (citations omitted)). We therefore conclude, as we did in *Thomas Decker,* that the award for punitive damages must be vacated because it is not recoverable under a breach of contract claim.

### III.

We decline to overrule our recent decision in *Thomas Decker.* We affirm the court of appeals' determination to vacate the award of exemplary damages and we reverse the court of appeals' judgment insofar as it sets aside the jury verdicts awarding economic and noneconomic damages. We therefore affirm in part and reverse in part and remand to the court of appeals with instructions to vacate the award of exemplary damages and to reinstate the economic and noneconomic damage awards.